[Filed January 31, 1888.]

JESSIE SOVERN, Adm'r, Appellant, *v.* S. M. YORAN, Respondent.

Nonsuit—When Improperly Granted.—In an action by an administrator for money discovered by the respondent concealed under an old barn, which money had been by the respondent treated as *lost property*, and it was proven on the trial that appellant's intestate was possessed of money shortly before her death, corresponding in amount to that found; that she was in the habit of concealing her money; that no money was found about her premises; that she attempted to tell her daughter something about money, but was too far exhausted to make herself clearly understood; *held*, that sufficient proof was adduced to submit the question to the jury, whether the money was in fact the money of the appellant's intestate; and *held, further*, that a nonsuit on motion of the respondent was improperly granted.

Appeal from Lane County. Reversed.

*Weatherford & Blackburn*, and *L. Bilyeu*, for Appellant.

*G. B. Dorris*, for Respondent.

Thayer, J.—The appellant, as administrator of Joannah Goodchild, commenced an action in said Circuit Court against the respondent to recover $926.85, alleged in his complaint as belonging to the said estate, which had gone into the possession of the respondent and been converted by him. The respondent denied the material allegations of the complaint, and set up as a further defense the following: "That on the twenty-second day of March, 1884, upon the premises owned and occupied by defendant, one Hugh Gray found one purse of money amounting to the sum of $926.85, and one Darwin E. Yoran found one

purse of money amounting to the sum of $1,000; that the said Hugh Gray and Darwin E. Yoran delivered the said two packages of money to this defendant to be disposed of according to law, and subject to their claim as such finders; that this defendant as such holder of said money, in compliance with title 2, of chapter 18, of the General Laws of Oregon, did, on the twenty-fourth day of March, 1884, give notice in writing to the clerk of Lane County, Oregon, of such finding; did also on said day cause a similar notice to be posted up in two public places in said county, as follows: One at the court-house and one at the postoffice in Eugene City, Oregon; did also publish a notice of such, printed in the Oregon State Journal, a newspaper published weekly in said county for ———weeks in succession, the first insertion thereof being on the ——— day of March, 1884; that no owner appeared within one year from the date of such notice and claimed said sums of money; that on the twenty-fifth day of March, 1885, and before any notice was given to the said defendant of any claim to said money, and before the commencement of this action, defendant did, in compliance with the aforesaid statute of Oregon, deliver to B. H. James, county treasurer of said Lane County, Oregon, the sum of $961.85, being one half the value of the aforesaid $1,926.85, less the sum of two dollars, paid for publishing said notice; that said defendant did at the same time deliver to the said Hugh Gray, aforesaid, the sum of $462.90, and did deliver to the said Darwin E. Yoran the sum of $499.50; that the said sums of money were delivered to this defendant as bailee by said finders, and the same, or that portion to which each was entitled under the aforesaid law, was delivered to the aforesaid finders and paid over to said treasurer of Lane County, Oregon, before demand was made, or this action commenced."

The appellant filed a motion to strike out the further defense, which the court denied, and he thereupon filed a demurrer thereto, and the court overruled that. He then filed a reply denying it, and in which he alleged that the decedent, in her lifetime, placed said two purses of money mentioned in the answer on the premises therein mentioned for safe-keeping, and

that she owned said purses at said time, or was lawfully in possession thereof, and that said purses were never at any time lost. Upon the trial by jury the appellant gave evidence that the decedent, at the time of her death, occupied the premises upon which the money was found; that she had money corresponding in amount with the money found; that she was accustomed to secrete her money about the premises; that at the time of her death no money was found upon her, or within her immediate possession, except about $2.50; that while dying she attempted to tell her daughter, Mrs. Ralston, something about money, and indicated that it was secreted, but was too weak to state intelligently regarding it; that the money was found under the floor of the barn upon the premises; that a piece of plank constituting a part of the floor in the corner of the barn was lifted up, and the money was found there in purses, that were in two separate cans, which evidently had been placed there for safekeeping by some one. Upon submission of the appellant's testimony, the court upon motion of the respondent's counsel granted a nonsuit, and entered the judgment appealed from. This ruling is claimed by the appellant's counsel to have been erroneous, and in my opinion it was.

The testimony and circumstances tended to prove that the money belonged to the deceased at the time of her death, and that the respondent had reason to believe that such was the fact. She had been in the occupation of the premises where it was discovered, and it had unquestionably been left at the place where it was found intentionally. It was certainly his duty to make suitable inquiry before claiming that it was lost money. The evidence should have been submitted to the jury, and if they had found a verdict thereon, it would have been upheld.

The judgment should be reversed, and the case remanded for a new trial.

Strahan, J., was an attorney in the first trial of this case in the lower court, and did not sit in the case *here.*